UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVAN F. TRESTMAN, INDIVIDUALLY | * | CIVIL ACTION NO. 06-11400 |
| AND FOR AND/OR ON BEHALF OF ONE | * | |
| RIVER PLACE CONDOMINIUM | * | SEC. L (JUDGE FALLON) |
| ASSOCIATION, INC., IN BOTH A | * | |
| DERIVATIVE ACTION IN ACCORDANCE | * | MAG. 3 (JUDGE KNOWLES) |
| WITH LOUISIANA CODE OF CIVIL | * | |
| PROCEDURE ARTICLE 611, ET. SEQ., | * | |
| AND, EVAN F. TRESTMAN, INDIVIDUALLY | * | |
| | * | |
| VERSUS | * | |
| | * | |
| | * | |
| ONE RIVER PLACE CONDOMINIUM | * | |
| ASSOCIATION, INC., AXIS SURPLUS | * | |
| INSURANCE COMPANY, CRC INSURANCE | * | |
| SERVICES, STATE FARM FIRE AND | * | |
| CASUALTY COMPANY, (J.) WAYNE | * | |
| LEONE INSURANCE AGENT, AND THE | * | |
| UNDERWRITERS AND CLAIMS ADJUSTORS | * | |
| OF AND FOR STATE FARM FIRE AND | * | |
| CASUALTY COMPANY AND OF AND FOR | * | |
| STATE FARM INSURANCE COMPANIES | * | |

**ONE RIVER PLACE CONDOMINIUM ASSOCIATION INC.'S
REPLY TO TRESTMAN'S OPPOSITION TO ORP'S MOTION TO DISMISS**

ORP submits this short Reply Memorandum to address the issues raised by Trestman's Opposition to ORP's Motion to Dismiss. Trestman's Complaint alleges that ORP failed to pursue recovery of insurance proceeds under ORP's policy issued by Axis for (1) damages to the Property and (2) damages to his individual unit. This Reply Memorandum will address each of these claims.

**I.     TRESTMAN CANNOT SUE ON ORP'S BEHALF FOR PROPERTY DAMAGES BECAUSE ORP IS PURSUING THOSE CLAIMS**

Concerned about the potential one-year prescriptive period (despite the Axis policy terms and laws lengthening that period), Trestman filed this suit. When Trestman filed suit, ORP

was still working with its experts to estimate the full extent of its property damages, and ORP was continuing to discuss the matter with Axis in the hopes of resolving the Property claim without the need to resort to litigation. When those efforts failed, ORP filed suit to recover for its Property damages under the Policy. See *One River Condominium Association, Inc. v. Axis Surplus Insurance Company, et al.;* USDC EDLA No. 07-1305, Sec. L.

To the extent that Trestman's suit purports to address claims for recovery of insurance proceeds with regard to the Property (i.e., building and common areas), ORP is currently pursuing those claims in Civil Action No. 07-1305. As discussed in detail in ORP's Motion to Dismiss, decisions of the ORP Board regarding that suit are protected from judicial review by the business judgment rule. *See generally Bordelon v. Cochrane*, 533 So.2d 82, 86-87 (La. Ct. App. 3d Cir. 1988). Accordingly, Trestman's suit on those grounds is patently improper.

## II.  TRESTMAN HAD THE LEGAL DUTY TO OBTAIN INSURANCE COVERAGE FOR HIS INDIVIDUAL UNIT, NOT ORP

The duties and obligations of a Condominium Association's Board are set forth in the Condominium Declaration, which are recorded in the Orleans Parish conveyance records. La. Rev. Stat. §9:1122.101. In this case, the duties and obligations of ORP and Unit Owners (such as Mr. Trestman) are specified in Section XII of the Condominium Declarations.[1] The very last sentence of this section specifies that the duty to obtain insurance coverage for individual Unit Owner's additions, improvement and decorations within the Unit Owner's Unit is expressly placed on the individual Unit Owner:

> Each Unit Owner ***shall be responsible for obtaining his own insurance on all additions to, improvements within and the contents***

---

[1] Condominium declarations have the force of law between unit owners. La. Rev. Stat. §9:1124.115.

> *of his own Unit* . . . , as well as all decorations, furnishing and personal property therein . . . .

Section XII, at p. 16 (emphasis added).[2] Clearly, ORP's Declarations, which establish the rights and obligations of ORP's Board and its Unit Owners, places the duty to obtain insurance coverage for individual units on the Unit Owner, such as Trestman, not upon the ORP Board.

In fact, ORP's Declarations authorize the Board to obtain insurance coverage for the Property and only *limited* coverage for individual Units. Specifically, Section XII reads:

> The Board shall have the authority to and shall obtain insurance for the Property, *exclusive of additions to, improvements within and decorations of the Units . . . by the Unit Owners* . . . .

Section XII, at p. 15 (emphasis added).[3] In other words, under the Declarations, ORP's Board was authorized to obtain insurance coverage for the Property but was *not* authorized to obtain coverage on the additions, improvements and decorations of individual Units, as alleged by Trestman. Rather, ORP's Board was authorized to obtain only limited insurance coverage for the Units sufficient to restore the Units to their original specification condition and *exclusive of any additions, improvements or decorations made by the Unit Owners*.

---

[2]This provision is also consistent with Louisiana law. *See* La. Rev. Stat. § 9:1123.107 (the association has the legal duty to maintain, repair or replace common elements, and each unit owner is responsible for the maintenance, repair and replacement of his own unit).

[3]This Section XII Declaration is consistent with Louisiana law, which provides:

> [T]he association shall maintain, to the extent reasonably available:
>
> (1) Property insurance on the common elements and units, *exclusive of improvements and betterments installed in units by unit owners* . . . .

La. Rev. Stat. § 9:1123.112(A)(1) (emphasis added).

### III.  ORP HAD NO DUTY TO INSURE TRESTMAN'S UNIT AND DID NOT SEEK TO PURCHASE COVERAGE FOR INDIVIDUAL UNITS' BUILD-OUTS AND IMPROVEMENTS

In accordance with Louisiana Condominium law and ORP's Declarations, ORP did obtain the required property insurance, which covered the building, common areas, and units to base-level specifications before any owner-installed improvements, additions or decorations. Before 2003, ORP obtained property coverage from St. Paul's, which specified coverage for property within a unit to "Original Specifications." St. Paul's Policy, Form 41304 Rev. 12-97, at p. 3 of 31.[4]  In 2003, ORP replaced the St. Paul property coverage with a policy issued by General Star Indemnity Company. Like the prior coverage, this policy covered property within a unit to the extent required by the Condominium Association Agreements. Gen. Star Policy, Form CP 00 17 10 00, at p. 1 of 12.[5]

In late 2003, ORP contacted two brokers regarding coverage in an effort to lower its premiums. ORP elected to work with Robert Skinner of Eustis/Specialty Insurance Programs, Inc. to obtain the necessary coverage, consistent with ORP's duties and obligations and as required by its Condominium Declaration and Louisiana law, but at a lower premium. ORP ultimately bought a policy from Axis. The Axis Policy lists an erroneous form number on the Declaration Page and provided yet another property form number to the Policy. Before Hurricane Katrina, on July 21, 2005, ORP's agent noted these errors. By fax dated July 21, 2005, ORP's agent requested that ORP's Policy be corrected to reflect the appropriate condominium property coverage form, and that it be corrected as of the renewal date of 12/15/04. Specifically, the July 21, 2005 fax reads: "The

---

[4] Exhibit "A."

[5] Exhibit "B."

4

Condominium Form, CP 00 17, should be substituted for form CP 00 10," which was then listed on the Declaration Page.[6]

Condominium Form CP 00 17, specifies that coverage for property contained within a unit is provided only to the extent that "your Condominium Association Agreement requires you to insure it." Form CP 00 17, Section A(1)(a)(6).[7] Again, ORP's Condominium Declaration required ORP to insure the Property and the Units *exclusive of additions, improvements and decorations by a Unit Owner within a Unit*.

Given that ORP obtained property coverage consistent with the requirements of ORP's Condominium Declarations and Louisiana law, the Board has unquestionably fulfilled its duties to unit owners, including Trestman. Moreover, throughout Axis' adjustment process following Hurricane Katrina, ORP was advised that its property policy mirrored the required coverage of its Condominium Declarations, which excludes Unit Owner improvements, additions, and decorations. That coverage was consistent with ORP's historical insurance coverage and its understanding of the coverage it obtained.

### A. ORP Obtained and Paid Trestman the Portion of Insurance Proceeds as Necessary to Restore His Unit to Original Specification Condition

Consistent with its duty to obtain coverage for the Units exclusive of any owner additions, improvements and decorations, ORP received approximately $560,000.00 from Axis as payment for damages necessary to repair individual Units to their original specification condition. In accordance with its obligations, ORP distributed these proceeds to the individual Unit Owners, including Mr. Trestman, based on their ownership percentages. ORP distributed approximately

---

[6]Exhibit "C."

[7]*See* Exhibit "B."

$15,947.00 of the $560,000.00 to Trestman.

    **B.**    **ORP Cannot Breach a Fiduciary Duty to Pursue Coverage for Trestman's Individual Unit When ORP Has No Duty to Obtain Coverage for That Unit and Did Not Seek to Purchase that Coverage**

As recognized by both Louisiana law and ORP's Declarations, ORP had no duty to insure the improvements, additions or personal contents of Unit Owners. La. Rev. Stat. §9:1123.112(A)(1). That duty rests *solely* with Unit Owners, such as Trestman. Accordingly, ORP cannot be in breach of any alleged duty to pursue a claim for recovery with regard to damages for Trestman's individually installed improvements, additions or contents within his own personal unit because ORP had no obligation to obtain such coverage. *See, e.g., Harris v. Federal Fibre Mills Condominium Association, Inc.*, 843 So. 2d 457 (La. Ct. App. 4th Cir. 3/19/2003) (Condominium Declaration authorizing association to adopt rules regarding noise and authorization to enforce rules does not impose duty to enforce rules to ensure unit owners peaceable possession of unit); *McAlab v. McFarland*, 08-377 (La. App. 5 Cir. 10/14/08); 2008 WL 45887722 (granting Condominium Association summary judgment and holding that Association was not required to repair or replace the floors, ceilings and the interior of the perimeter walls of Plaintiff's Unit because neither the condominium declarations nor the restatement of the declarations imposed a duty to maintain and repair interior boundaries of a Unit on the Association).

    **C.**    **ORP Cannot Breach a Fiduciary Duty that Does Not Exist**

ORP did not seek insurance coverage for damages to individual Unit Owner's improvements, additions and property when it purchased the relevant Policy. Rather, ORP sought to insure the Property consistent with the requirements of its Condominium Declarations. This fact was confirmed by Eustis/Specialty Insurance Program's July 21, 2005 fax requesting that the Axis

Policy be corrected to reflect the appropriate Condominium Policy Form (CP 00 17) on the Declaration page. See Exhibit "C." ORP cannot be considered to be in "breach" of a fiduciary duty by refusing to attempt to take advantage of a mistake reflected on the Declaration page listing Property Form CP 00 10 instead of Condominium Property Form CP 00 17. Indeed, Louisiana law would reform an insurance contract to reflect the true intent of the parties, which in this case would be to use Condominium Property Form CP 00 17.[8]

### D. Erroneous Property Form 00 10 Coverage Would Be Excess Coverage

Assuming that ORP's Board were obligated to ignore the mistake and take advantage of error in listing of the general property coverage form, which was discovered before Hurricane Katrina, Trestman still has no claim against ORP for failing to pursue a claim for his individual damages because such a claim is not valid as a matter of law. Even under the erroneous Property Form 00 10 policy, any coverage would be excess to other coverages for the same property.[9] Thus,

---

[8] Under Louisiana law, when an error occurs in the drafting of an insurance policy so that the written text does not reflect the true intention of the parties, upon proof of mutual error, a court may reform the insurance contract to reflect the true intent of the parties. La. Civ. Code art. 1949 cmt (d); 15 WILLIAM MCKENZIE & H. ALSTON JOHNSON, LA. CIV. L. TREATISE, INSURANCE LAW & PRACTICE §5 (3d ed.). Significantly, Louisiana courts have reformed insurance contracts when the policy declarations do not reflect the coverage intended by the parties. *Samuels v. State Farm Mutual Automobile Ins. Co.*, 2006-0034 (La. 10/17/06); 939 So.2d 1235 (reforming the insurance policy to conform with the intent of the parties to the insurance policy where agent made a clerical error in misidentifying the underlying policy on the declaration page); *Lea v. Baumann Surgical Supplies Inc.*, 321 So.2d 844 (La. App. 1st Cir. 1976) (allowing the insurer to reform the insurance contract to exclude coverage for bodily injury despite the fact that the declarations page showed bodily injury coverage where the insured did not apply for such coverage, no premiums were charged or paid for such coverage and the entry on the declarations page was purely a clerical error); *Frederick v. Electro-Coal Transfer Corp.*, 548 F.Supp. 83 (E.D. La. 1982) (reforming the insurance contract to delete watercraft exclusion rather than automobile exclusion in accordance with the parties' intentions where the insurance agent mistakenly ordered the wrong exclusion deleted from the policy declaration).

[9] Section G of Commercial Property Conditions Form CP00 90 07 88 of the Axis Policy states:

   **G. Other Insurance**

   1. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of

at most, the Axis policy would be excess coverage, available only after Trestman has exhausted his personal, primary coverage.

## IV. CONCLUSION

For all of these reasons and the reasons originally advanced by ORP in its Motion to Dismiss, Plaintiff Trestman's derivative and individual claims against One River Place should be dismissed as a matter of law. Accordingly, Plaintiff's claims against One River Place should be dismissed.

Respectfully submitted,

GORDON, ARATA, MCCOLLAM,
  DUPLANTIS & EAGAN, L.L.P.

**Donna Phillips Currault, T.A., #19533**
**Howard E. Sinor, Jr. #12106**
201 St. Charles Avenue, Suite 4000
New Orleans, LA 70170-4000
Phone: (504) 582-1111 Fax: (504) 582-1121

**Stephanie Chiasson Toups, #30764**
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Phone: (225) 381-9643 Fax: (225) 336-9763

---

Insurance of all insurance covering on the same basis.

2. If there is other insurance covering the same loss or damage, other than that described in 1 above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

By:    /s Stephanie Chiasson Toups
Stephanie Chiasson Toups

**Attorneys for One River Place Condominium Association, Inc.**

C E R T I F I C A T E

I hereby certify that I have served a copy of the above and foregoing Reply Memorandum on all counsel of record by electronic notice through the ECF system, this 20th day of January, 2009. A copy of the pleading will be sent by United States mail, postage prepaid, this 20th day of January, 2009, to any counsel of record not registered to receive documents from the Court electronically.

   /s Stephanie Chiasson Toups
Stephanie Chiasson Toups

GAMDE-NO-236420